IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ALAN BOYD CURTIS,

    Plaintiff,

vs.                                    Case No. 4:09cv76-SPM/WCS

UNITED STATES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate incarcerated within the Florida Department of Corrections, has filed an amended civil complaint, asserting jurisdiction exists under the federal question statute, 28 U.S.C. § 1331, and § 1346(a)(2), for claims against the United States for less than $10,000.  Doc. 8, p. 2.  Plaintiff paid the filing fee.  Doc. 2.

Plaintiff has now increased the number of named Defendants in this case from one in the initial complaint, the United States, to five: the United States, the United States Embassy, James Arthur Hellickson and Rene Marie Bauer (both of whom are Assistant State Attorneys), and Joseph Anthony Bulone (a State Circuit Court Judge).  Doc. 8, pp. 1, 2-3.  Plaintiff wrongfully alleges the United States is a federal corporation

and that the United States Embassy is a subsidiary corporation of the parent corporation (the United States).  *Id.*, at 2-3.[1]

This case is a challenge to Plaintiff's extradition.  Plaintiff alleges in his amended complaint that the State of Florida filed unspecified criminal charges against Plaintiff, at an unspecified time.  Doc. 8, p. 4.  Defendants Hellickson and Bauer, the Assistant State Attorneys, obtained an arrest warrant, at an unspecified time, from the Sixth Judicial Circuit Court.  *Id.*  Having obtained the warrant, and after Plaintiff was arrested in Spain, Defendants Hellickson and Bauer requested the United States to seek Plaintiff's extradition to the United States to answer for the criminal offenses.  *Id.*

The United States petitioned the Kingdom of Spain for Plaintiff's extradition.  Doc. 8, pp. 4-5.  Plaintiff alleges that on June 5, 2006, the Spanish National Court agreed to extradite Plaintiff "conditioned on the guarantee" by the United States and the Embassy that Plaintiff "would not be sentenced to life imprisonment without the possibility of parole."  *Id.*  On July 20, 2006, the Spanish Foreign Ministry advised the Embassy and the United States by "diplomatic note of the extradition approval and condition."  *Id.,* at 5; *see* Plaintiff's exhibit A (Diplomatic Note No. 426).  Plaintiff was returned to the United States and on April 18, 2008, Defendants Hellickson and Bauer "sought enhanced penalties to be imposed on" Plaintiff.  *Id.*, at 5.  Plaintiff challenged the enhancements through his criminal defense attorney, arguing that imposing life sentences "would violate the terms and conditions of Diplomatic Note #426."  *Id.*, at 5; *see* Plaintiff's exhibit C (copy of docket).  The amended complaint alleges that Defendant Judge

---

[1] That is frivolous claim.  The United States is a sovereign Government.  It is not a corporation the U.S. Embassy is not either.

Bulone concluded that Plaintiff qualified for enhanced sentencing and, dismissing the conditions as stated in the Diplomatic Note, sentenced Plaintiff to three consecutive life sentences.  *Id.*, at 5.

Plaintiff contends the Diplomatic Note was a valid and binding contract between two sovereign nations and claims that Defendants Bulone, Hellickson, and Bauer were bound by that contract.  *Id.*, at 6.  Plaintiff contends he has standing in this case because he "is an intended third-party beneficiary" to the contract.  *Id.*, at 7.  Plaintiff claims in Count I that the United States and the Embassy breached that contract by "not ensuring that" Plaintiff "received a determinate sentence," and not ensuring that the State "did not seek a penalty of life imprisonment" or "seek sentencing enhancements." *Id.*, at 4.  Plaintiff claims injury through the imposition of three consecutive life sentences without the possibility of parole.  *Id.*, at 9.  Plaintiff further contends that the United States and the Embassy fraudulently induced the Kingdom of Spain and Spanish Foreign Ministry into agreeing to extradite Plaintiff.  *Id.*, at 9-10.  Count II alleges breach of contract by Defendants Hellickson and Bauer when they sought sentencing enhancements on April 18, 2008, and argued for the imposition of life sentences.  *Id.*, at 11.  Count III is a breach of contract claim against Defendant Judge Bulone for finding Plaintiff qualified for sentencing enhancements, for refusing to consider the Diplomatic Note, and sentencing Plaintiff to consecutive life sentences.  *Id.*, at 13.  As relief on all three counts, Plaintiff seeks rescission of the contract, his return to Spain, and costs. *Id.*, at 11, 12, and 14.

Attached to Plaintiff's amended complaint is the Diplomatic Note from the Embassy of the United States which confirms the following:

> On June 5th, 2006, the Full Panel of the Spanish National Court upheld the decision of the Third Section of the National Court to extradite Curtis, but upon condition that the United States guarantee that Curtis would not be sentenced to life imprisonment without the possibility of parole. On July 20, 2006, the Spanish Foreign Ministry advised this Embassy, via a diplomatic note, that the extradition request for Curtis had been approved subject to the conditions and limits stipulated in the June 5, 2006, judicial decision.

Doc. 8, ex. A. The Note also states:

> After due consideration, the Government of the United States assures the Kingdom of Spain that, should Curtis be convicted of the offenses in the Sixth Judicial Circuit of Florida for which extradition has been sought, the Office of the State Attorney will not seek a penalty of the judicial proceedings in this case, which under current Florida State Law would automatically be without the possibility of parole, and will further, take all necessary actions to ensure that Curtis receives a determinate sentence.

*Id.*

As was noted in my earlier Order directing Plaintiff to amend his complaint, doc. 4, Plaintiff had submitted an exhibit B to his initial complaint which showed Plaintiff had been convicted of three counts in case CRC 05-04078, in the Sixth Judicial Circuit, in and for Pinellas County, Florida. Doc. 1, p. 16. Plaintiff was sentenced on May 22, 2008, to three terms of life imprisonment. Doc. 1, pp. 17-20. Count I, Kidnapping, did not have a minimum mandatory prison term provision. *Id.*, at 16, 18. The other two counts, both for Sexual Battery, had a 25-year minimum mandatory imprisonment prison term imposed. *Id.*, at 16, 19-20. Each of the sentences were to run consecutive with each other, and were made consecutive to sentences imposed in case number CRC9909803CFANO. *Id.*, at 18-21.

My amendatory order explained to Plaintiff that those sentences pointed to sentencing in another, earlier, state case. Doc. 4. My order also stated that "Plaintiff's

prison sentence history as listed on the Department of Corrections' website, reveals that *prior* to Plaintiff's being sentenced in case 0504078 on May 22, 2008, Plaintiff was sentenced on three charges in case 9909803 on August 10, 2007." Doc. 4.  The problem pointed out to Plaintiff was that in each of those charges, Plaintiff was sentenced to a determinate period of years:  2 sentences of 15 years on two sexual battery convictions, and another 5 years on what appears to be a robbery conviction.  *Id.*  The order explained that Plaintiff would need to clarify his claims because it appeared that Plaintiff was likely extradited from Spain to the United States to face charges in case 9909803, the case in which Plaintiff first was convicted.  *See* doc. 4.  Therefore, if Plaintiff's extradition was for that earlier case, Plaintiff has no claim to raise because he was given a sentence with a determinate number of years, just as was provided for in the Diplomatic Note.  *Id.*

Plaintiff was explicitly ordered to "provide a basis for asserting his extradition was for the second case." Doc. 4.  Plaintiff has done nothing to provide the clarification requested.  It may be assumed that he has not done so because he cannot do so.  Common sense suggests that Plaintiff would have been extradited on the charges for which Plaintiff was first convicted.  If that is the case, then the provisions of the Diplomatic Note were not violated.

However, this case need not be resolved on common sense assumptions.  Plaintiff is attempting to seek release from prison, have the extradition agreement vacated (termed by Plaintiff as "rescission of the contract"), and by necessary implication, have his convictions declared null and void.  Challenges concerning extradition are properly brought through habeas corpus, as they are essentially

collateral attacks on a conviction and incarceration. Plaintiff here, however, is attempting to challenge the sentence imposed by the Florida Court, not the extradition. A challenge to a sentence must be raised through habeas corpus as a prisoner may not seek to reduce his period of confinement through a civil rights claim. *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). An attack on the length or duration of confinement is essentially a *habeas corpus* claim which must be brought before the court through the filing of a petition under 28 U.S.C. § 2254.

Moreover, under international law, "nations are under no legal obligation to surrender a fugitive from justice in the absence of a treaty." United States v. Puentes, 50 F.3d 1567, 1572 (11th Cir. 1995); Factor v. Laubenheimer, 290 U.S. 276, 287, 54 S.Ct. 191, 193, 78 L.Ed. 315 (1933). An extradition treaty is an agreement between two governments to effectuate an extradition. Puentes, 50 F.3d at 1572; *see also* United States v. Rauscher, 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886). Relying on Rauscher and its companion case, Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), the Eleventh Circuit has held that an extradited defendant has a limited standing right to assert a violation of the extradition treaty. Puentes, 50 F.3d at 1573-74. In explaining why the subject of an extradition has standing in his or her own right under the doctrine of specialty[2] to raise an objection, the court noted:

---

[2] "The specialty doctrine stands for the proposition that the requesting state, which secures the surrender of a person, can prosecute that person only for the offense for which he or she was surrendered by the requested state or else must allow that person an opportunity to leave the prosecuting state to which he or she had been surrendered.' " Gallo-Chamorro v. United States, 233 F.3d 1298, 1305 (11th Cir.

> Therefore, in order to broaden the reach of their criminal justice systems, two nations may enter into a cooperative agreement for the exchange of criminal suspects: an extradition contract. *See Geofroy v. Riggs*, 133 U.S. 258, 271, 10 S.Ct. 295, 298, 33 L.Ed. 642 (1890) (characterizing treaties as contracts between nations). The doctrine of specialty is but one of the provisions of this contract. Of course, the rights conferred under the contract ultimately belong to the contracting parties, the signatory nations. This does not mean, however, that provisions of the contract may not confer certain rights under the contract on a non-party who is the object of the contract. *See generally Rauscher*.

50 F.3d at 1574. However, the Eleventh Circuit held that while an extradited person may raise objections, the individual "enjoys this right at the sufferance of the requested nation." 50 F.3d at 1575. "As a sovereign, the requested nation may waive its right to object to a treaty violation and thereby deny the defendant standing to object to such an action." *See* United States v. Riviere, 924 F.2d 1289, 1300-01 (3d Cir. 1991); United States v. Najohn, 785 F.2d 1420, 1422 (9th Cir.), *cert. denied*, 479 U.S. 1009 (1986); Puentes, 50 F.3d at 1575.

Plaintiff does not have standing to object to a violation of terms of the treaty permitting extradition because there is no allegation that Spain has raised any objection. That problem was previously pointed out to Plaintiff by the court, doc. 4, and remains unaddressed.

Plaintiff has not brought this action claiming a treaty violation, however. Rather, Plaintiff alleges a breach of contract action based on the alleged violation of a Diplomatic Note. Such a note is not the equivalent of a formal treaty between sovereign

---

2000), *quoting* United States v. Herbage, 850 F.2d 1463, 1465 (11th Cir. 1988) (other citations omitted).

nations, the basis by which Plaintiff's extradition may be obtained.[3] Plaintiff has not shown the existence of any legally-enforceable contract beyond the treaty, nor has Plaintiff shown that he has standing to raise any such breach of contract claim.

Because Plaintiff is attempting to collaterally attack his state court sentencing through this civil "breach of contract" case, it must be dismissed as barred by Heck and Preiser for failure to state a claim upon which relief may be granted. He has no standing to bring a breach of contract action. Plaintiff's only true injury here occurred when the state court concluded Plaintiff was subject to an enhanced sentence and then imposed three life sentences. Plaintiff may only challenge that "injury" through a petition for writ of habeas corpus.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this

---

[3] In a case before the Second Circuit, the defendant claimed his federal sentence "violated the terms of a diplomatic note provided by the United States to Columbia. . . . that contained certain assurances concerning the possibility of a life sentence." United States v. Baez, 349 F.3d 90, 92 (2d Cir. 2003). After being sentenced to life rather than a term of years, the defendant brought a claim based on a violation of the principle of specialty. *Id.*, at 92-93. After noting that the Judicial branch should not "ignore the consequences of an extradition agreement" between the Executive branch of government an a foreign sovereign, it concluded nonetheless that the sentencing court did not abuse its discretion in entering a life sentence. *Id.*, at 93.

report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2009.

```
s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE
```

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**