**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALAN BOYD CURTIS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:09cv76-SPM/WCS**

**UNITED STATES, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, who is *pro se* in this case, filed a fourth amended complaint, doc. 90, which is now appropriate for review as Plaintiff's objections to my prior orders have been denied by Chief District Judge Mickle. Doc. 92.

The Eleventh Circuit ruled in its order of remand that claims raised by Plaintiff that "go directly to the validity of his conviction and sentence" are *Heck*-barred. Doc. 48, p. 4, n.2. This affirmed this court's prior rulings on this issue. Doc. 9 (report and recommendation), p. 6 and doc. 11 (order adopting). The Eleventh Circuit then focused upon a single claim, that the United States breached the extradition treaty with Spain because a life sentence, an indeterminate sentence, was imposed by the State of Florida. Doc. 48, p. 9. The Eleventh Circuit determined that because a life sentence

was imposed, there was a breach of the condition of extradition that only a determinate sentence would be imposed. *Id.* The court said that this stated a claim, that Plaintiff had standing, and since he only sought to be returned to Spain (to serve his sentence) and did not seek damages, the claim was not barred by *Heck*.[1] *Id.*, pp. 4, 5, and 9. The case was remanded with an order to reinstate "the amended complaint." *Id.*, p. 10.

We are now on the fourth amended complaint and things have changed. Plaintiff was resentenced to a determinate terms of 30 years, 25 years, and 25 years, to be served consecutively to each other. Doc. 90, p. 25, § 103.[2] Plaintiff no longer has any claim under the treaty because determinate sentences do not violate the treaty.

Finding himself no longer with an extradition claim, Plaintiff has sought to rephrase his claims in a number of inventive ways, but in every case, success will invalidate his convictions. Plaintiff sues Edward Judy, a detective with the Pinellas County Sheriff's office, Robyn Pauline Stetler, the "complaining witness," that is, the victim of his sexual assaults, Patricia Ann Segraves, Plaintiff's former wife, Amy Katherine Evans, daughter of Seagraves, Florida Circuit Judges Bulone and Luce, assistant state attorneys or state attorneys McCabe, Hellickson, and Bauer, Walter

---

[1] Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

[2] The online docket for Pinellas County, Florida, reflects that these sentences were imposed on resentencing on February 12, 2010. Docket entries 20, 22, 28, and 35, found at:

http://pubtitlet.co.pinellas.fl.us/servlet/pcg.wsclient.servlet.AdultDocketServlet

A notice of appeal was filed on February 17, 2010. Docket entry 10. Plaintiff did not inform the Eleventh Circuit of this change in this claim.

Case No. 4:09cv76-SPM/WCS

McNeil, the former Secretary of the Florida Department of Corrections, where Plaintiff is now serving his sentences, and Pinellas County, Florida. Doc. 90, pp. 3-4.

Claims against the United States have been abandoned in the list of Defendants, *id*, though Plaintiff refers to the United States as a Defendant in the body of the complaint.

Judges Bulone and Luce are absolutely immune. Doc. 67, pp. 2-3. The prosecutors McCabe, Hellickson, and Bauer are sued for actions they took to convict Plaintiff and are likewise absolutely immune. Doc. 67, p. 3. Bauer is sued for alleged creating false affidavits that resulted in Plaintiff's extradition and prosecution. Doc. 90, ¶28. This claim is not viable as explained before. Doc. 67, p. 5. And McNeil is sued because he is "confining" Plaintiff "against his will." *Id.*, ¶ 29. This claim is *Heck*-barred as explained previously. Doc. 67, p. 5. Pinellas County is sued for failure to train Defendant Judy. *Id.*, ¶ 30.

The only promise of the extradition treaty with Spain specifically alleged is that Plaintiff would be sentenced to a determinate sentence. Doc. 90, ¶¶ 75-76. And that is the only breach specifically alleged, that life (indeterminate) sentences were imposed. *Id.*, ¶ 87. As noted above, this claim is mooted by the resentencing.

Claim I argues that the Defendants committed "fraud in the inducement," constructing fraudulent affidavits to cause the extradition. Doc, 90, p. 26. The inducements were allegations that Plaintiff had committed criminal offenses. Proof that the evidence was false would undermine Plaintiff's conviction. Claim I is barred by *Heck* and because witnesses may not be sued.

Claim II claims that McCabe, Hellickson, Bauer, and Judge Bulone breached the terms of the extradition "contracts" by seeking and imposing multiple life sentences. Doc. 90, ¶¶ 115, 118. A derivative "failure to train" claim for these misdeeds is alleged against Pinellas County. *Id.*, ¶¶ 120-121. Plaintiff also claims a breach of his plea agreement. *Id.*, ¶ 117. The breach of the plea agreement claim is barred by *Heck*. The treaty claim is mooted by the resentencing.

Claim III is much like claim I, arguing that Defendants breached a "covenant of good faith" by failing to abide by the treaty. *Id.*, ¶124. The subsidiary claims either seek to undermine the conviction (protection of property, wiretapping, plea agreement, imposition of probation, seizing bank accounts) and are *Heck*-barred, or are mooted by resentencing. As further indication that Plaintiff seeks to undermine his conviction, he alleges that McNeil imprisons Plaintiff in violation of the treaty. *Id.*, ¶ 131.

Claim IV is no improvement. Plaintiff contends that the Defendants conspired to falsely obtain the extradition. Doc. 90, ¶ 133. When he obtained the relief he asked for before the Eleventh Circuit, Plaintiff alleges that "Defendant United States did conspire with Defendant Hellickson to obtain re-sentencing of Curtis after discovering Defendant Hellickson had breached the extradition." *Id.*, ¶ 134. There is a wiretap claim, ¶ 136, a claim that the sentence was beyond the extradition agreement, ¶ 138, a claim that a warrant was needed to seize wire and oral communications, ¶ 139. Claim IV is barred by *Heck* and mooted by the resentencing.

Likewise, the RICO claim, claim V, doc. 90, p. 35, and the false imprisonment claim VII against Pinellas County, p. 39, are barred by *Heck*.

Claim VI, that the sentence imposed violates the Eighth Amendment, is barred by *Heck*.

Finally, within claim VI there is a claim that Plaintiff is in a wheel chair and that the conditions of his confinement violate the Eighth Amendment in a variety of ways. This could be a viable claim. If Plaintiff wishes to initiate a § 1983 complaint in the proper court limited to medical care, he may do so, but the claim has no place in *this* case and should be dismissed. Plaintiff is in Hamilton Correctional Institution, and claims arising in that institution generally must be filed in the Middle District of Florida, Jacksonville Division.

Accordingly, it is **RECOMMENDED** that this complaint be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2011.


S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**